UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR R. TALBOT, *et al.*,

              Plaintiffs,            Civil Action No. 15-12393
                                      Honorable Matthew F. Leitman
v.                                Magistrate Judge Elizabeth A. Stafford

TIMOTHY P. CONNORS,

              Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [R. 7] AND DISMISS THIS SUIT WITH PREJUDICE

## I.    INTRODUCTION

*Pro se* plaintiffs Arthur R. Talbot, Kelley A. Bezrutch, and Internet Applications and Solutions, Inc. ("IAS"; collectively, "Plaintiffs"), allege that Timothy P. Connors, a Washtenaw County Circuit Court judge who presided over three of Plaintiffs' state-court actions between 2006 and 2011, deprived them of their "opportunity to adequately present their cases." [R. 1, PgID 13]. This matter is before the Court on Judge Connors' motion to dismiss.[1] [R. 7]. The Court **RECOMMENDS GRANTING** Judge Connors' motion because the doctrine of absolute judicial immunity bars

---

[1] The Honorable Matthew F. Leitman referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 6].

Plaintiffs' claims.

## II.    BACKGROUND

Mr. Talbot and Ms. Besrutch are both officers of IAS.  Between 2006 and 2011, Plaintiffs were parties in three state-court lawsuits over which Judge Connors presided.  Judge Connors' decisions and rulings in the three state-court proceedings form the basis of this action.

In the first state-court action, Plaintiffs sued Bank of Ann Arbor ("BoAA") for fraud, collusion, and breach of fiduciary duty.  [R. 1, PgID 3]. After a hearing on BoAA's summary disposition motion, Judge Connors ruled from the bench in favor of BoAA, and subsequently denied reconsideration.  [*Id.*, PgID 4-6].  Plaintiffs allege that Judge Connors "was biased in favor of BoAA and unfairly took a stance contrary to Plaintiffs' position because [he] was hosting ongoing fund-raising for his election campaigns in BoAA bank branches where his election campaign account was held."  [R. 1, PgID 4].  Plaintiffs also claim that Judge Connors was biased because BoAA's attorney had contributed to his campaign.  [*Id.*, PgID 4, 7].

In the second suit over which Judge Connors presided, Talbot and Bezrutch sued IAS's former commercial landlord "for personal injury

caused by years of black mold poisoning." [R. 1, PgID 7].  Plaintiffs allege

that they learned "from a close confidant of [Judge Connors] that [he] had a

strong belief that black mold could not cause injury and that such cases

were mainly insurance scams." [*Id.*].  They further allege that Judge

Connors stated in an article interview that he is not in favor of detailed

forensic evidence or expert testimony.  [*Id.*, PgID 8].  Plaintiffs contend that

those statements indicated that Judge Connors was "biased, dismissive,

and held a personal distrust of black mold plaintiffs and the science behind

black mold mycotoxin toxicity," and that they were forced to accept a token

settlement as a result.  [*Id.,* PgID 8 & 12.].

In the third action before Judge Connors, IAS's landlord sued

Plaintiffs for post-eviction rent payments.  [R. 1, PgID 8].  Plaintiffs allege

that Judge Connors entered a default after Plaintiffs failed to file a timely

answer; did not allow them to file an answer because it was late; entered a

default judgment; denied a motion to set aside the default judgment;

entered a judgment against them without holding a hearing; denied their

motion for relief from judgment; and ordered that the case be submitted to

alternative dispute resolution with the black mold case.  [*Id.*, PgID 8-11].

They claim that Judge Connors gave "undue deference" to IAS's former

landlord because his attorney was Judge Connors' longtime acquaintance. [*Id.*, PgID 12].

Plaintiffs' suit against Judge Connors alleges (1) violations of Fourteenth Amendment Rights; (2) violation of 28 U.S.C. §1983; (3) violation of MCR 2.003(C)(1)(b); (4) violation of MCR 2.003(C)(1)(f); and (5) violation of 18 U.S.C. § 242. [R.1]. Judge Connors argues that the complaint should be dismissed because he is entitled to absolute immunity. [R. 7]. Plaintiffs filed a response, and Judge Connors filed a reply brief. [R. 9; R. 10].

## III.   ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court construes pleadings filed by *pro se* litigants more

liberally, but they still must plead a plausible claim for relief.  *See Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Plaintiffs do not plead a plausible claim for relief because Judge Connors is entitled to judicial immunity for his judicial acts.  It is well-established that judges are generally absolutely immune from civil suits for money damages.  *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 648 (6th Cir. 2014).  "[A]bsolute judicial immunity can be overcome only in two instances: 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'"  *Id.* at 649 (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).  Judicial immunity is broadly construed; "[o]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity."  *Id.* (citation omitted).  Moreover, "judicial immunity is not overcome by allegations of bad faith or mailice."  *Mireles*, 502 U.S. at 11; *see also Bright*, 753 F.3d at 649-50 (although judge's actions were "petty, unethical, and unworthy of his office," he was entitled to absolute judicial immunity because he had subject matter jurisdiction over the underlying proceedings").

Here, Plaintiffs' allegations are based on Judge Connors' actions in ruling on motions, submitting cases to alternative dispute resolution, dismissing a lawsuit, and entering judgment. As the presiding judge in the three state-court actions, Judge Connors had subject matter jurisdiction over each case's proceedings. The allegations Plaintiffs raise all relate to decisions and rulings Judge Connors took within his judicial capacity, and he is entitled absolute immunity regardless of whether he was biased or acted in accordance with his personal beliefs. *See Bright*, 753 F.3d at 649-50.

In their response, Plaintiffs argue that their counsel in the rent case brought by IAS's former landlord "were not privy to ex-parte communications made by" Judge Connors to opposing counsel that he would not entertain any challenges except "simple math calculations" and that there was "no point to the damages hearing." [R. 9, PgID 82]. This allegation is reflected in Plaintiffs' complaint. [R. 1, PgID 11]. Nonetheless, even if Judge Connors engaged in the alleged *ex parte* communications, absolute immunity would still apply. *See Alexander v. Rosen*, 804 F.3d 1203, 1298 (6th Cir. 2015) ("although one judge allegedly engaged in ex parte communications with state officials, those communications occurred

6

as part of the judge's attempt to resolve the case before him, which means they are still protected by absolute immunity") (citations omitted); *see also* *Amir v. Harris*, 2008 U.S. Dist. LEXIS 124316, at *5 (N.D. Ohio Nov. 18, 2008) (holding that judge was entitled to absolute judicial immunity for *ex parte* communications).

Plaintiffs do not raise any action Judge Connors took that falls under one of the two exceptions to judicial immunity.  Accordingly, Judge Connors is entitled to absolute judicial immunity for his actions in the three state court proceedings.  Given this conclusion, the Court need not address other shortcomings in Plaintiffs' complaint, such as IAS improperly appearing before this Court without legal representation,[2] or the fact that 18 U.S.C. § 242 is a criminal statute that provides no private right of action.[3]

---

[2] *See* *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (corporations, partnerships, or associations can appear in federal court only through a licensed attorney); *United States S.E.C. v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) ("A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel.")

[3] *See* *Booth v. Henson*, 290 Fed. Appx. 919, 921 (6th Cir. 2008) (holding that the district court properly dismissed plaintiff's claim filed under 18 U.S.C. § 242 because he had no private right of action under the criminal statute).

7

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING**

Judge Connors' motion to dismiss [R. 7] and **DISMISSING** this action with

prejudice.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 12, 2016

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).   Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   A copy of any objection

must be served upon this Magistrate Judge.   E.D. Mich. LR 72.1(d)(2).

8

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2016.

s/Marlena Williams_____
MARLENA WILLIAMS
Case Manager

9