UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR R. TALBOT, et al.,

    Plaintiffs,
                                      Case No. 15-cv-12393
                                      Hon. Matthew F. Leitman

v.

TIMOTHY P. CONNORS,

    Defendant.

_____/

**ORDER (1) OVERRULING OBJECTIONS (ECF # 12) TO
REPORT AND RECOMMENDATION (ECF # 11); (2) ADOPTING
REPORTING AND RECOMMENDATION; AND
(3) DISMISSING COMPLAINT WITH PREJUDICE**

In this action, Plaintiffs Arthur Talbot, Kelly Bezrutch, and Internet Applications and Solutions, Inc. (collectively, "Plaintiffs") assert a number of claims against Washtenaw County Circuit Judge Timothy P. Connors. Plaintiffs generally complain about a series of actions taken by Judge Connors while presiding over three civil actions in which they were parties. They assert that Judge Connors was biased; that he allowed attorneys who had contributed to his re-election campaign to represent the opposing parties in the civil actions; that he did not believe in the premise underlying Plaintiffs' claims in one of the civil actions before him; that he deprived Plaintiffs of certain hearings to which they were entitled; and that he engaged in *ex parte* communications with opposing counsel.

Judge Connors filed a motion to dismiss Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF # 7.) Plaintiffs opposed the motion. (ECF # 9.) Magistrate Judge Elizabeth A. Stafford, to whom the Court referred all pre-trial matters (ECF #6), has issued a Report and Recommendation suggesting that the Court grant Judge Connors' motion to dismiss (the "R & R"). (ECF #11.) Magistrate Judge Stafford concluded that all of Plaintiffs' claims are barred by the doctrine of judicial immunity. (*Id.*) Plaintiffs have filed timely objections to the R & R. (ECF # 12.) The Court has reviewed the objections, and for the reasons explained below, the Court overrules them.

In Plaintiffs' first objection, they argue that the Magistrate Judge erred in suggesting that judicial immunity barred that portion of their claim that was based upon alleged *ex parte* communications between Judge Connors and opposing counsel. (Objection, ECF #12 at 2, Pg ID 136.) But as the Magistrate Judge accurately determined, a judge does not lose judicial immunity by engaging in *ex parte* communications with one of the attorneys or parties involved in a civil action. *See, e.g., Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015) (holding that judge was shielded by judicial immunity even though the judge "allegedly engaged in *ex parte* communications" with a party); *Conklin v. Anthou*, 495 Fed. Appx. 257, 263 (3rd Cir. 2012) ("Nor is judicial immunity lost as a result of improper favoritism or *ex parte* communications."); *Crudup v. Schulte*, 12 Fed.

Appx. 682, 686, n.3 (10th Cir. 2001) (holding that judge had judicial immunity from claim that he engaged in *ex parte* communication with prosecutor); *Schuster v. Oppelman*, 962 F.Supp. 394 (S.D.N.Y. 1997) (holding that judge had judicial immunity from claim that he engaged in *ex parte* communications as part of process through which judgment was obtained).  Plaintiffs have not shown that there is any basis for departing from the rule that a judge has judicial immunity from a claim that he allegedly engaged in *ex parte* communications.

Plaintiffs next object to the Magistrate Judge's statement that the corporate defendant, Internet Applications and Solutions, Inc., improperly appeared in this action without representation by counsel.  This objection does not entitle Plaintiffs to relief because the Magistrate Judge did not recommend dismissing the corporate defendant's claims due to its lack of legal counsel.  Instead, she recommended dismissing the claims as barred by judicial immunity.  In any event, the Magistrate Judge correctly observed that a corporate defendant should appear through counsel.

Plaintiffs finally object in a general fashion that the Magistrate Judge's ultimate recommendation that the Court dismiss the action with prejudice.  But Plaintiffs have not shown any error in the Magistrate Judge's analysis or conclusions. On the contrary, the R & R persuasively demonstrates that Plaintiffs' claims are barred by judicial immunity.

3

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' objections to the R & R are OVERRULED;

2. The R & R is ADOPTED as the Opinion of the Court; and

3. Plaintiffs' Complaint and all of the claims therein are DISMISSED WITH PREJUDICE.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

4